THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST FROZEN LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>VICTORY PACKAGING LP,<br><br>                    Defendant. | CASE NO. C22-0084-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

Plaintiff invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1 at 2.) The complaint alleges Plaintiff is a "Washington State Limited Liability Company," (*id.* at 1), but Plaintiff's corporate disclosure statement says it is a "Washington Corporation, that has no corporate parent." (Dkt. No. 2 at 1.) This is obviously inconsistent.

For diversity jurisdiction purposes, an LLC—unlike a corporation—is a citizen of all of the states of which its members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). If the entity's members, in turn, include additional LLCs, partnerships, or limited partnerships, the party invoking diversity jurisdiction must allege the citizenship of each member, and if necessary, the member's members, and so on, to establish that complete diversity exists. *See id.* at 899; *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*,

414 Fed. Appx. 62 (9th Cir. Feb. 8, 2011). Consistent with this, the Court's local rules require a party's corporate disclosure statement to identify, in addition to the information required by Federal Rule of Civil Procedure 7.1(a), "any member or owner in a joint venture or limited liability corporation," and in a diversity case, "those states in which the party, owners, partners, or members are citizens." LCR 7.1(a), (b).[1]

Accordingly, it is hereby ORDERED that within seven days of this minute order, Plaintiff must file an amended corporate disclosure statement that complies with the local rules and from which the Court can determine whether there is a proper basis for this Court to exercise diversity jurisdiction.

DATED this 6th day of April 2022.

<u>Ravi Subramanian</u>
Clerk of Court

<u>s/Sandra Rawski</u>
Deputy Clerk

---

[1] Additionally, LCR 8(a) provides that, in diversity cases, "the complaint must identify the citizenship of the parties, and, if any of the parties is a limited liability corporation (LLC), a limited liability partnership (LLP), or a partnership, identify the citizenship of the owners/partners/members of those entities to establish the court's jurisdiction." However, so long as Plaintiff complies with this Court's directive to properly amend its corporate disclosure statement, the Court will excuse strict compliance with LCR 8(a) in this instance, since it calls for substantially the same information as LCR 7(b).